UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 18-cr-20279

v.                                         District Judge Stephen J. Murphy, III

KAREE JOINER,

        Defendant.

_____/

## ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

### I.    Introduction

This is a criminal case.  Defendant Karee Joiner is before the Court on the government's motion for his detention pending a hearing on a petition that he violated the terms of his supervised release.  Williams made his initial appearance July 28, 2023 and the government moved for detention pending a hearing on the petition which is set for August 8, 2023 at 10:00 am.  On July 31, 2023, the Court conducted a hearing on the government's motion for detention under Fed. R. Crim. P. 32.1(a)(6) and a probable cause hearing.  For the reasons that follow, the government's motion is granted.  Further, the undersigned finds that the allegations in the petition are supported by probable cause.

### II.    Background

On June 6, 2019, Joiner was sentenced to three years of probation following his conviction, on a guilty plea, to making false statements to obtain a firearm in violation of 18 U.S.C. § 922(a)(6). His probationary sentence began at his sentencing on June 6, 2019.

According to the violation report filed on November 19, 2021, Joiner is alleged to have violated several conditions of his supervised release. Most notably, Joiner is alleged to have not updated his address or phone number or otherwise been in contact with his probation officer since October of 2021. On October 29, 2021, the probation officer, who has since retired, attempted to complete a home visit at Joiner's last known address. Joiner was not there and the person at the residence stated that Joiner does not live there anymore. There has been no further contact since then. It is further alleged that Joinder has not completed his GED, community service hours, or cleared an outstanding warrant for failure to appear.

Based on the information in the petition, an arrest warrant was issued on November 29, 2021. Joiner was eventually arrested on that warrant and brought to this court.

### III. Analysis

#### A. Probable Cause

Rule 32.1(b)(1)(A) of the Federal Rules of Criminal Procedure provides that a magistrate judge must conduct a hearing in order to determine if probable cause

exists to believe that a supervised release violation occurred if a person is in custody for violating a condition of supervised release. Fed. R. Crim. P. 32.1(b)(1)(A). Here, Joiner remains in custody and did not waive his right to a probable cause hearing.

The undersigned finds that probable cause exists to believe that Joiner violated the conditions set forth in the petition. This is based on the information in the petition itself and from the testimony of the probation officer at the hearing, Lukas Docherty. Although Officer Docherty did not supervise Joiner, he reviewed the petition and the supervising officer's notes. He testified that Joiner has not had any contact with the probation department as alleged in the petition. There is no evidence that Joiner completed his GED or performed community service. Officer Docherty also testified that the warrant in the petition remains outstanding.

B.   Detention

Because Joiner is before the Court on a supervised release charge, he bears the burden of "establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community…" Fed. R. Crim. P. 32.1(a)(6). The government argues that Joiner has not meet his burden as to flight. The Court agrees.

Joiner has been an absconder from probation. While Joiner was apparently compliant for the first two years of his probationary sentence, he essentially

3

disappeared from supervision in the fall of 2021. He was not apprehended until 2023. Further, Officer Docherty testified that in addition to the prior outstanding warrant, Joiner currently has two new traffic warrants. Moreover, although Joiner provided two potential residences where he could live, Officer Docherty was unable to determine at this time if either address is suitable. To date, Joiner has no stable residence to release him to if he was given bond. Given his absconder history, and under all the circumstances, Joiner has failed to meet the high burden for being released pending a hearing on supervised release violations. Fed. R. Crim. P. 32.1(a)(6). Indeed, the only way to assure that Joiner appears is to remain in custody until his hearing on the petition.

**Accordingly, Detention is Ordered.**

Joiner is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Joiner must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Joiner to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

4

Dated: July 31, 2023                       s/Kimberly G. Altman
Detroit, Michigan                          KIMBERLY G. ALTMAN
                                           United States Magistrate Judge